IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ERNEST GLENN RHODES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 114-233 |
| | ) |
| AHMED HOLT, Warden, | ) |
| | ) |
| Respondent. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254, and seeks permission to proceed *in forma pauperis* ("IFP"). This case is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** that Petitioner's motions to proceed IFP be **DENIED AS MOOT**, (doc. nos. 2, 4), his § 2254 petition be **DISMISSED** as untimely, and that this civil action be **CLOSED**.

**I.     BACKGROUND**

A jury in the Superior Court of Richmond County convicted Petitioner of child molestation and incest. Following the denial of his motion for a new trial, Petitioner appealed to the Georgia Court of Appeals, which affirmed the convictions on February 5, 2013. Rhodes v. State, 738 S.E.2d 135 (Ga. App. 2013). Petitioner did not seek a writ of certiorari from the Georgia Supreme Court, and he does not report having filed a petition for state habeas corpus relief. Petitioner executed the instant federal habeas corpus petition on December 11, 2014, and the Clerk of Court filed the petition on December 17, 2014. (Doc. no. 1.) Petitioner claims there

was insufficient evidence to convict him, he was improperly arrested without being shown a warrant or read his Miranda rights, he received ineffective assistance of trial counsel, and his motion for a new trial should have been granted. (See generally id.)

## II. DISCUSSION

### A. The Petition Is Time-Barred.

Pursuant to AEDPA, 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Here, Petitioner filed a direct appeal, and the Georgia Court of Appeals affirmed Petitioner's convictions on February 5, 2013. Petitioner did not file a motion for reconsideration or appeal his case to the Georgia Supreme Court. Thus, his conviction became "final" when the ten-day time period for indicating intent to seek review in the Georgia Supreme Court expired. See Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately,

the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"); Ga. Sup. Ct. R. 38(1) (providing that party seeking review in Georgia Supreme Court must file notice of intention to apply for certiorari with the Court of Appeals of Georgia within ten days after entry of judgment by that Court). Moreover, as Petitioner did not appeal to the Georgia Supreme Court, he was not entitled to seek review in the United States Supreme Court and is therefore not entitled to benefit from the ninety-day period for filing a writ of certiorari in the United States Supreme Court. See Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006).

The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Here, however, Petitioner does not report having filed for post-conviction relief in state court beyond the motion for new trial and direct appeal to the Georgia Court of Appeals described above. Therefore, AEDPA's statute of limitations began to run ten days following the Georgia Court of Appeals' affirmance of Petitioner's convictions on February 5, 2013, and for the purpose of determining the timeliness of Petitioner's request for federal habeas corpus relief, his convictions became final in February of 2013. Thus, the instant petition filed in December of 2014, over one year after his convictions became final in February of 2013, is untimely.

### B. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.

AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where

3

the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any of these three statutory sections. Thus, the Court concludes that there is no basis for statutory tolling of AEDPA's one-year statute of limitations.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually

4

innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his federal petition. To excuse the untimeliness of his petition, Petitioner states that he is seventy-two years old and "did not know [his] petition limitation." (Doc. no. 1, p. 13.) However, the Eleventh Circuit does not accept "a lack of legal education and related confusion or ignorance of the law as excuses for a failure to file in a timely fashion." Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013). Rather, habeas corpus petitioners "are deemed to know of the one-year statute of limitations." Id.

Nor does Petitioner's complaint that has not had the assistance of counsel to pursue habeas corpus relief excuse the untimeliness of his petition. In support of Petitioner's explanation that he did not know the period of limitations because of his age, Petitioner states that he needs counsel appointed so that someone "would see that [his] sentence is to[o] harsh." (Doc. no. 1, p. 13.) However, there is no constitutional right to counsel in habeas proceedings.

5

Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Moreover, "[i]n a habeas action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process." Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979) (citations omitted).[1] Indeed, "[i]t is well established that indigents applying for federal or state postconviction relief, even those sentenced to death, have no federal constitutional right to counsel except in those rare cases where under the circumstances the fundamental fairness component of due process requires appointment of counsel." Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 158 (2014 ed.). In the absence of any due process concerns in this case, the fact that Petitioner did not have the assistance of counsel in pursuing habeas corpus relief does not excuse the untimeliness of his federal petition.

Finally, Petitioner has not presented any evidence, much less new, reliable evidence, to show that he did not commit the offenses of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt. He simply states without benefit of any supporting facts that "the child in this case is not my child" because there was no "100%" DNA test." (Doc. no. 1, p. 5.) Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that **RECOMMENDS** that Petitioner's motions to proceed IFP be **DENIED AS MOOT** (doc. nos. 2,

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

4), his § 2254 petition be **DISMISSED** as untimely, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of January, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA